IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSHANE OSHANE EVANS,** | : | |
| *Petitioner,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-4869** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                                    **July 17, 2026**

### MEMORANDUM

Petitioner Rushane Oshane Evans filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 ¶ 6 [hereinafter Pet.].  Evans alleges that his detention by Immigration and Customs Enforcement ("ICE") violates, among other things, his Due Process rights and the Immigration and Nationality Act ("INA").  *Id.* ¶¶ 51–79.

Evans is a noncitizen from Jamaica.  *Id.* ¶ 18.  He entered the United States in December 2022. *Id.*  Shortly after entering the country, Evans was apprehended by Department of Homeland Security officers and released on to live with family in Philadelphia.  *Id.*  On July 11, 2026—approximately four years after Evans entered the country—ICE detained him without notice during a scheduled check-in with ICE officers.  *Id.* ¶ 24.

The Government filed a notice informing the Court that, "in the interest of expeditious resolution, [the Government] files this Notice and Response to advise the Court that this matter is legally and factually similar to recent cases briefed and decided by this Court, and therefore [the Government] will file a full opposition brief in this case only on request of the Court."  ECF No. 4 at 1 (hereinafter "Gov't Resp.").  The irony is not lost on this Court that the Government now

1

seeks to make these proceedings efficient even though its own actions—which the Eastern District of Pennsylvania has deemed illegal and premised on a dubious statutory interpretation hundreds of times by now—are responsible for the fusillade of cases that have inundated the Court's dockets. *See also Once Chillogallo v. Jamison et al.*, 2026 WL 295741, at \*1 (E.D. Pa. Feb. 4, 2026) ("[F]or each rejection of the government's legal position and granting of habeas relief to petitioners, at least two more nearly-identical habeas petitions appear to populate the dockets of this district.").

Even without the benefit of full briefing, it does not require clairvoyance to see that, to the extent that the Government premises its opposition on the typical points concerning the "correct interpretation of § 1225(b)(2)(A)," Gov't Resp.  at 2 n.1, the law favors Evans's position. Accordingly, and for the same reasons given in the hundreds of other cases dealing with this issue, the Court holds that Evans's detention violates the INA.  *See, e.g.*, *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Bhatia v. O'Neill*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025).

This Court therefore grants Evans's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Evans is a harm to the community or a flight risk.  Moreover, ICE is enjoined from detaining Evans under 8 U.S.C. § 1226(a) for seven days following his release.